UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEANETTE DAVIS,

                Petitioner,                Case No. 15-11918

v.

ANTHONY STEWART,

                Respondent.
_____/

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Jeanette Davis, ("Petitioner"), was convicted by a jury in state court of second-degree murder, M.C.L. § 750.317, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b, for which she is serving a sentence of 22-to-37 years. The petition raises the single claim of insufficiency of the evidence. Because the state court reasonably adjudicated the claim, the petition will be denied.

### II. Background

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant and her brother, Jountay Zeamer Davis, were driving down Lafayette Avenue in downtown Grand Rapids when they were involved in a minor car accident with the victim, Lance Byers. Following the accident, Byers and Jountay immediately confronted one another, and

> a minor scuffle ensued. Defendant attempted to pull Jountay away from Byers, but as the altercation continued, defendant shot a gun and struck Byers with a bullet. After the gunshot, defendant and Jountay ran back to their vehicle and drove away. A nurse and police officer came to Byers' aid, but both were unsuccessful in their attempts to save him. Byers was later declared dead, his cause of death being a gunshot wound to the chest.

People v. Davis, No. 312533, 2013 WL 6690685, at *1 (Mich. Ct. App. Dec. 19, 2013).

Following her conviction and sentence, Petitioner appealed to the Michigan Court of Appeals, raising the following claim:

> I. There was insufficient evidence to convict the Defendant of second-degree murder.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. Id. Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim she raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application by standard order. People v. Davis, 495 Mich. 1008 (2014).

### III. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is bared under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established law as determined by the Supreme Court.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the

2

Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) quoting Williams, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103 (internal quotation omitted).

IV. Analysis

Petitioner claims that insufficient evidence was presented at trial to sustain her conviction. She argues that the prosecutor did not prove beyond a reasonable doubt that she acted with malice, and that he did not disprove that the homicide was justified

3

in defense of her brother.

## A. Clearly Established Federal Law

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Petitioner faces a steep climb to establish that the state court's discussion of the evidence unreasonably applied the Jackson standard. "Two layers of deference apply to habeas claims challenging evidentiary sufficiency." McGuire v. Ohio, 619 F.3d 623, 631 (6th Cir. 2010) (citing Brown v. Konteh, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, a court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Brown, 567 F.3d at 205 (citing Jackson, 443 U.S. at 319). Second, if a court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." Id. The Jackson standard is "exceedingly general," and therefore state courts are afforded "considerable leeway" in its application. Davis v. Lafler, 658 F.3d 525, 535 (6th Cir. 2011).

B. Application

With respect to Petitioner's challenge, in order to show that she acted with malice to sustain a conviction for second-degree murder, the prosecutor was required to show that Petitioner shot the victim with the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm. People v. Goecke, 457 Mich. 442, 464 (1998). Malice may "be inferred from the use of a deadly weapon" and from "evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm." People v. Carines, 460 Mich. 750, 759 (1999).

Viewed in any light, the facts of this case are tragic. Testimony at trial revealed that Petitioner had obtained a handgun because she had been threatened by two men who had likely also poisoned and killed her dogs. Morever, Petitioner and her brother were in a heightened emotional state on the morning of the incident. They had just learned that their great-grandmother had died and they were driving to her house to meet with their family members and pastor when the accident occurred.

However, the testimony of the seven eyewitnesses agreed on the basic facts of the incident. The victim and Petitioner's brother were involved in a minor traffic accident. The two men pulled over and began to argue and shove each other. Petitioner stood to the side and perhaps pulled on her brother. Petitioner then fired a single shot from a handgun, and the victim fell halfway into his vehicle and then into the roadway. Petitioner and her brother fled in their own vehicle. No eyewitness saw where Petitioner aimed the gun when it was fired, though one witness saw Petitioner pointing the gun upwards after she heard the shot.

The Michigan Court of Appeals concluded that the evidence was sufficient to establish malice.  The court of appeals noted that the act of pointing and shooting a gun "could constitute intent to kill or cause great bodily harm" and that "the jury could also infer malice from [Petitioner's] use of a gun, which is a deadly weapon." People v. Davis, 2013 WL 6690685 at *2.  The Court cannot conclude that this conclusion was unreasonable based on the facts at trial.  As the court of appeals said:  "[Petitioner] took and disregarded the risk that firing a gun in the general direction of Byers and Jountay would result in the hitting of one of them, causing death or great bodily injury."  Id.

Next, Petitioner asserts that the prosecutor did not disprove beyond a reasonable doubt that she acted in the defense of her brother.  The court of appeals rejected this claim, explaining:

> there was conflicting evidence regarding the extent of the altercation between Jountay and Byers, but witness testimony indicates that Byers and Jountay were similar in size, and the altercation between the two did not escalate to a serious level. Most witnesses testified to the presence of minor pushing and shoving. Further, a witness testified that Jountay appeared to be without any physical injury shortly after the altercation. Additionally, the pathologist testified it was possible that Byers was facing away from defendant when defendant shot him. From this, the jury could infer that Byers was walking back to his car when defendant shot him. As a result, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that defendant acted without justification

People v. Davis, 2013 WL 6690685 at *2.  This conclusion is not unreasonable.  Under Michigan law, a defense of others requires an honest and reasonable belief that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to another individual.  M.C.L. § 780.972.  Viewed most favorably to the prosecution, there was no evidence that Petitioner's brother was in imminent danger of death or great bodily harm.  The court of appeals did not act unreasonably in rejecting

6

Petitioner's argument.

V. Conclusion

For the reasons stated above, the petition is **DENIED.**

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

                                        S/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: January 12, 2016
       Detroit, Michigan

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.